# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **KEITH WAYNE BODLEY,** ) | |
|     **ID # 798065** ) | |
|         **Petitioner,** ) | |
| **vs.** ) | **No. 3:10-CV-0272-M (BH)** |
| ) | **ECF** |
| **RICK THALER, Director,** ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
|     **Respondent.** | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a denial of parole and a five-year set-off for the next parole review. The respondent is Rick Thaler, Director of TDCJ-CID.

On June 14, 1997, petitioner was convicted of murder in Cause No. F96-51097-IU in the 291st Judicial District Court in Dallas County and received a twenty-five year sentence pursuant to a plea agreement. (Petition (Pet.) at 2, State Habeas Transcript at 51, 55). He did not appeal this conviction. On June 3, 2009, petitioner was denied parole, and his next parole review was scheduled for May of 2014. (S.H.Tr.:20). He filed a state writ on September 21, 2009, challenging the denial of parole and the five-year set off until the next parole consideration. (S.H.Tr.:2). It was denied without written order on the findings of the trial court without a hearing. (S.H.Tr.:cover).

Petitioner mailed his federal petition on February 5, 2010 (Pet. at 9).[1] He argues, as in his state writ, that his parole denial and five-year set off is an *ex post facto* law violation. Respondent filed a response on May 13, 2010. No reply brief was filed.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, these AEDPA standards apply to the claims petitioner raised in his state application for writ of habeas corpus.

---

[1] Under the prison mailbox rule, a federal habeas petition is deemed filed when the prisoner delivers the petition to prison authorities for mailing to the court. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

2

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. EX POST FACTO CLAUSE VIOLATION

In his sole ground for relief, petitioner claims that the State of Texas has changed its procedures for how often certain prisoners are considered for parole since his conviction, and that application of this change to him is an impermissible *ex post facto* law violation because the new procedures resulted in him receiving a five-year set-off for future parole review.

Article I, § 10, of the United States Constitution prohibits a State from passing any "ex post facto Law." To constitute a violation of the Ex Post Facto Clause, a change in law "must be both retroactive and to a prisoner's detriment." *See Hallmark v. Johnson*, 118 F.3d 1073, 1077-78 (5th Cir. 1997); *see also Lynce v. Mathis*, 519 U.S. 433, 441(1997) ("To fall within the ex post facto prohibition, a law must be retrospective – that is, 'it must apply to events occurring before its enactment' – and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime.")

> Finally, even if a law operates to the defendant's detriment, the ex post facto prohibition does not restrict "legislative control of remedies and modes of procedure which do not affect matters of substance." Hence, no ex post facto violation occurs if the change in the law is merely procedural and does "not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt."

*Miller v. Florida*, 482 U.S. 423, 433 (1987) (citations omitted).

In 2003, Texas enacted a new statutory provision which required the parole board to adopt a policy providing that offenders convicted of certain offenses (regardless of the offense date) who are denied parole should be reconsidered for parole from one year to five years after the parole denial. TEX. GOV'T CODE ANN. § 508.141(g) (Vernon 2003). Murder is one of the offenses for which an inmate can receive anywhere from a one to five year set-off for reconsideration for parole. *See* TEX. GOV'T CODE ANN. § 508.149(a) (Vernon 1997). Petitioner complains that this statutory

4

provision is an *ex post facto* violation because it was enacted after his conviction for murder.

The Fifth Circuit has previously found that statutory changes to the timing of parole reviews do not violate the prohibition on ex post facto legislation. *See Creel v. Kyle*, 42 F.3d 955, 956-57 (5th Cir. 1995). The Supreme Court held in *California Dep't of Corrections v. Morales*, 514 U.S. 499, 502(1995), that a change in state law regarding the frequency of parole hearings created "only the most speculative and attenuated risk of increasing the measure of punishment" and therefore did not violate the Ex Post Facto clause of the Constitution. Furthermore, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Petitioner has no protected liberty interest in parole. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because he has no liberty interest in parole, he also cannot mount a due process challenge against any state parole review procedure. *Id*. A change in parole review procedures that may cause him to serve more of his sentence is not a constitutional violation. Therefore, petitioner has not shown a constitutional violation because the parole board determined that he would not be reconsidered for parole for another five years.

When the state habeas court addressed these issues, it found that there was no *ex post facto* violation because parole is a matter of grace, not a matter of right. That court then concluded that petitioner was not entitled to relief on this claim. (S.H.Tr.:44-5). Relief was denied on the basis of these findings. They are not contrary to federal law. Accordingly, petitioner is not entitled to relief on the basis of his sole ground for relief, and it should be denied.

### IV. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected

in the state-court records, an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

The Court should **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SO RECOMMENDED on this 21st day of June, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE